662 So.2d 864 (1995)
Ruby ADGER, Plaintiff-Appellant,
v.
DILLARD DEPARTMENT STORES, INC., Defendant-Appellee.
No. 27582-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1995.
*865 Ramon Lafitte, Piper & Associates, Shreveport, for Appellant.
Tracy A. Burch, Cook, Yancey, King & Galloway, Shreveport, for Appellee.
Before MARVIN and WILLIAMS, JJ., and CLARK, J. Pro Tem.
WILLIAMS, Judge.
Plaintiff Ruby Adger filed an action for damages against the defendant alleging that she sustained personal injuries when she slipped and fell in a small puddle of water on the floor of Dillard's Department Store. After the close of plaintiff's case, the trial court granted Dillard's motion for involuntary dismissal, finding that the plaintiff failed to produce evidence to support her claim. Plaintiff appeals the trial court's adverse judgment. For the following reasons, we affirm.

FACTS
On the evening of May 11, 1993, the plaintiff and a companion, Beverly Franklin, visited Dillard's Department Store at Pierre Bossier Mall. After shopping for approximately one hour, the two women walked through the young-men's section on their way to the exit. The main aisle of the store has wood parquet flooring. Ms. Franklin was walking slightly ahead of the plaintiff and did not see her slip, but turned and saw her falling to the floor.
Margaret P. Stinson, area sales manager for Dillard's, was notified of the incident. When Ms. Stinson arrived at the young-men's section, plaintiff was standing with Ms. Franklin and David Piazza, a security guard. They helped plaintiff walk to a nearby chair. The security officer questioned the plaintiff and filled out an accident report. Ms. Franklin testified that she returned to the site of the fall and found a small puddle of water, about the size of a quarter, on the floor. She also stated that she informed several persons who were standing there that plaintiff had slipped on some water.
According to Ms. Stinson, she spoke with the plaintiff while the security officer finished the report, but did not question plaintiff about the incident. Plaintiff did not mention having slipped and said she did not need assistance. Ms. Stinson escorted the two women to the exit and they left the store. She and the security guard then inspected the area where the fall occurred. She testified that they found the floor to be clean and dry. The accident report was not introduced into evidence. Ms. Stinson testified that a housekeeping crew cleaned the store each day before it opened. She further testified that employees were instructed to clean up any small spills and to call housekeeping for large spills. She stated that spills were unusual on the first floor, where plaintiff fell, because Dillard's primarily sold dry goods, and that most of the spills occurred near the second floor water fountain.
*866 At the close of plaintiff's case, the defendant moved for a judgment of involuntary dismissal. The trial court granted the motion, finding that plaintiff had failed to prove that the small puddle of water caused her to fall. Plaintiff appealed the trial court's ruling.

DISCUSSION
Plaintiff argues that the trial court erred in granting defendant's motion for involuntary dismissal and in finding that the water on the floor of Dillard's Department Store did not create an unreasonable risk of harm.
In an action tried by the court without a jury, after the plaintiff completes his presentation of the evidence, any party may move for a dismissal of the action on the ground that, upon the facts and law, the plaintiff has not shown a right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party, or may decline to render any judgment until the close of all the evidence. LSA-C.C.P. Art. 1672(B).
In considering a motion for involuntary dismissal, LSA-C.C.P. Art. 1672(B) requires the trial judge to evaluate all of the evidence and render a decision based upon a preponderance of the evidence without any special inference in favor of the opponent to the motion. Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La.App.2d Cir.1988). An appellate court should not reverse an involuntary dismissal based on Article 1672(B) in the absence of manifest error. Poland v. Glenn, 623 So.2d 227 (La.App.2d Cir.), writ denied, 629 So.2d 1171 (La.1993).
In 1990, as the appellee asserts in brief, the legislature amended LSA-R.S. 9:2800.6 to change the burden of proof in slip and fall cases. The statute provides that a merchant owes a duty to persons using his premises to exercise reasonable care to keep his aisles and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. LSA-R.S. 9:2800.6. The statute further provides:
In a negligence claim brought against a merchant by a person lawfully on the premises for damages as a result of an injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
"Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
In the instant case, the plaintiff asserts that she has discharged her burden of proving that water on the floor presented an unreasonable risk of harm, that Dillard's had constructive notice of the condition and that Dillard's failed to exercise reasonable care. However, plaintiff testified that she did not know what caused her fall and had not noticed anything on the floor before or immediately after she fell. She apparently did not examine her clothing for dampness or staining, which would have indicated that she slipped in liquid. She testified that her foot slid along the floor, but defense counsel pointed out that plaintiff had not made that claim during a prior deposition.
Ms. Franklin also testified that she did not notice any water on the floor before plaintiff fell, or immediately after the fall, when her attention centered on helping the plaintiff. Ms. Franklin asserted that a short time later, she returned to the place where the plaintiff fell and found a quarter size puddle of water. Ms. Franklin maintained that she told someone standing nearby that plaintiff had slipped in water. However, Ms. Stinson testified that she inspected the area where the accident occurred and found the floor clean and dry.
In addition to satisfying the elements listed in LSA-R.S. 9:2800.6, plaintiff *867 was required to prove by a preponderance of the evidence that a foreign substance caused her fall. Proof by a preponderance of the evidence means that taking the evidence as a whole, such proof shows that the fact sought to be proved is more probable than not. Fuller v. Wal-Mart Stores, Inc., supra. Causation is a fact question on which the trial court's finding cannot be disturbed absent manifest error. Aaron v. Bolds, 566 So.2d 195 (La.App.2d Cir.1990). Although it did not deal with the involuntary dismissal issue, Estes v. Kroger, 556 So.2d 240 (La. App.2d Cir.), writ denied, 559 So.2d 1360 (La.1990), involved a similar question of fact. In that case, the plaintiff suddenly fell at the check-out lane. She did not know what caused her to fall, nor did she see anything on the floor while waiting in line or immediately after she fell. According to the plaintiff, a cashier found a beet leaf which could have caused the plaintiff to slip. During her testimony, however, the plaintiff conceded that she did not feel the sensation of stepping on a foreign substance before falling. This court affirmed the trial court's judgment for defendant because there was no evidence that the leaf had caused the fall.
Here, the plaintiff has failed to establish that her fall was caused by the quartersized puddle of water observed by Ms. Franklin. Moreover, another witness contested the presence of any water in the area of the accident. Even if we were to assume that the small puddle of water was present at the time of the accident, there is no evidence, other than Ms. Franklin's hypothesis, that the water contributed to the plaintiff's fall. After reviewing the record and the trial transcript, we cannot find that the trial court was clearly wrong in granting the defendant's motion for involuntary dismissal.

CONCLUSION
For the foregoing reasons, the judgment of the trial court dismissing plaintiff's action is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.