liBROWN, Judge.
Plaintiffs, Theresa Straughter and Charles Smith, were passengers in a truck rented and driven by Robert Bigsby. Straughter asked Smith and Bigsby to help her move some furniture to her new address in south Monroe. Bigsby rented a 1989 Ford utility truck from Taylor Rental, a local agent for Ryder Rentals. He picked up the truck the morning of February 3, 1994, and the trio began moving Straughter’s belongings.
Bigsby, with Straughter and Smith as passengers, was driving the Ryder truck south on Georgia Street. He turned right on Joffre Street and struck a parked truck. The vehicle struck by Bigsby, a 1977 Dodge pick-up truck owned by defendant, Mary Harnwell, was parked on the right hand side of Joffre Streét. Harnwell’s home is located at the comer of Georgia and Joffre Streets and the record indicates that Mrs. Harnwell’s son David usually parked the truck on the street outside the residence. The physical damage to the trucks was slight; in fact, the vehicles were not even repaired.
Although they stated to the investigating officer that they received no injuries as a result of the minor impact, plaintiffs later filed suit against Bigsby, Harnwell and her insurer, State Farm Mutual Automobile Insurance Company, and Old Republic Insurance Company, insurer of Ryder Rentals. Straughter settled with Bigsby and Old Republic before trial, and her claim against these defendants was dismissed-. Trial was held on March 12, 1997, and judgment was signed on June 10, 1997. The trial court found that Harnwell was not at fault and that the accident was caused solely by the negligence of Bigsby, the driver of the rental truck. The ■ court further found that Old Republic did not provide coverage and Smith’s claim against the insurance company was dismissed. Both plaintiffs have appealed.
I2 Causation
Plaintiffs first argue. that the trial court erred in failing to find that Mary Harn-well and her son were negligent and that their negligence was a cause-in-fact of plaintiffs’ injuries.
Causation is a fact-specific inquiry. Rick v. State, Dept. of Transportation and Development, 93-1776 (La.01/14/94), 630 So.2d 1271. Great deference is accorded the trier of fact on the question of causation. Rick, supra; Adger v. Dillard Department Stores, 27,582 (La.App.2d Cir.11/01/95), 662 So.2d 864.
The following, is excerpted from the trial court’s written reasons for judgment:
In the facts of the case sub judice, all the evidence at trial indicates that the cause-in-fact of the plaintiffs’ injuries was the negligence and inattention of defendant Bigsby, operator of the rental van. The photographs received into evidence clearly indicate that Joffre Street was more than adequately, wide to allow passage of the Ryder truck, notwithstanding that David Harnwell had parked his pick-up on the side of his mother’s yard as he had for years. While it may have been .unwise on this particular instance for Mr. Harnwell to have parked his pick-up truck in such a manner, that in and of itself is not negligence or breach of the standard of care. The vehicle was lawfully parked, well away from the middle of the road, and did not pose any particular peril to a careful and vigilant driver. This accident, the Court concludes, was based solely upon the negligent actions of defendant Robert Bigsby.
An appellate court may not set aside a trial court’s findings of fact in the absence of clear or manifest error. Stobart v. State, Through Dept. of Transportation and Development, *720 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). To reverse a trial court’s factual determinations, a court of appeal must find from the record that there is no reasonable factual basis for the findings and that the findings are clearly wrong or manifestly erroneous. Mart v. Hill, 505 So.2d 1120 (La.1987).
1,-sWe have reviewed the evidence and find a reasonable basis for the trial court’s determination of causation and cannot say that this finding is either clearly wrong or manifestly erroneous.

Insurance Coverage

Plaintiff, Charles Smith, urges that the trial court erred in finding that the business auto policy issued by Old Republic to Ryder did not provide coverage for his injuries.
The insurance policy contains a provision incorporating the terms of the Ryder rental agreement. The rental agreement provides the following terms and conditions:
10. LIABILITY INSURANCE: The vehicle is covered by an automobile liability insurance policy which covers Me (Bigsby) against bodily injury and property claims by others ... I understand that coverage does not applg ... (c) for any injuries of any nature whatsoever to Me, My agents, employees, guests, members of My household or other occupants of the vehicle ...
Plaintiff argues that the-exclusion of liability coverage for injuries to occupants of the rental vehicle is violative of La.R.S. 32:900(B) of the Louisiana Motor Vehicle Safety Responsibility Law (“LMVSRL”), which requires all motor vehicle liability policies to provide liability coverage to the named insured (owner or operator of the vehicle) for damages arising out of the use of the vehicle.
As noted by the supreme court in Hearty v. Harris, 574 So.2d 1234, 1242 (La.1991):
In enacting the LMVSRL the legislature, apparently recognizing the unique nature of rental ear agencies, specifically stated in La.R.S. 32:1041 that vehicle owners “engaged in the business of renting or leasing motor vehicles” are not required to furnish proof of financial responsibility to satisfy any judgment entered against their lessees. This statute makes it clear that the legislature did not intend rental agencies to bear the financial responsibility for the negligent actions of a lessee operating the leased vehicle in accordance with the terms of the lease.
|4Inasmuch as an automobile lessor (Ryder) is required only to insure itself as owner, any liability coverage provided to Bigsby by Ryder is in the nature of a voluntary automobile liability policy. See Dennison v. Liberty Mutual Insurance Co., 94-0026 (La. App. 1st Cir. 11/10/94), 645 So.2d 1227; Breaux v. Claudel, 93-1580 (La.App.3d Cir. 06/01/94), 640 So.2d 744. Nonetheless, Ryder did obtain a liability policy with protection for itself and its lessee and this policy is subject to the rules of the compulsory liability insurance statute, La.R.S. 32:861 et. seq. which requires that all motor vehicles be covered by liability insurance or other security-
La.R.S. 22:655, subd. D provides:
D. It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy.
This statute not only protects the insured from loss, but fundamentally or primarily is to provide compensation for those injured by the faulty operation of the motor vehicle. Consequently, the policy issued by Old Republic attempted, by reference to the rental contract, to impose a limitation more restrictive than that contained in the statute and is contrary to law and must be disregarded. See Block v. Reliance Insurance Company, 433 So.2d 1040 (La.1983); Clarke v. Progressive American Insurance Company, 469 So.2d 319 (La.App. 2d Cir.1985). See also in Hearty, supra at 1243 (Dennis, J., dissenting).

*721
Damages

Plaintiff Smith next asserts that the trial court erred in awarding him general damages of only $2,500 and in failing to make a separate award of medical expenses.
|5In assessing damages in cases of offenses, quasi-offenses and quasi-contracts, much discretion is left to the judge or jury. La.C.C. art. 2324.1. Before an appellate court may disturb such an award, the record must clearly reveal that the trier of fact abused its broad discretion in making the award, based on the facts and circumstances peculiar to the ease and the individual unljer consideration. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
The following is taken from the trial court’s written reasons for judgment:
Charles Smith, a passenger in the truck driven by Robert Bigsby, hit his head on the windshield and his knees on the dashboard of the vehicle when the truck driven by Bigsby struck Mary HamwelTs automobile. From this impact, Smith complained of pain and stiffness in his neck. He was initially treated by Dr. Shell at Shell Chiropractic. Approximately eight days after the accident, Dr. Patterson treated Smith and noted, muscular tension and tenderness of the posterior and lateral surface of the neck, limited range of motion and generalized muscle tension over the anterior quadrants of the abdomen. Smith was prescribed Iodine, an anti-inflammatory agent, and Parfone Forte DSC, a muscle relaxer. Dr. Patterson later prescribed Talacen, a stronger pain reliever, and Xa-nex for anxiety related symptoms. Active treatment by Dr. Patterson ended approximately one month after the accident.
On March 4, 1994, Smith underwent an MRI at the Monroe MRI Center which revealed a mild to moderate contained simple herniation at L5-S1 with mild nerve root impingement. Dr. Douglas Brown, who first saw Smith on March 29, 1994, diagnosed Smith with a twenty percent permanent partial disability related to the spine problem and his L5 stenosis; however, this was the exact same disability rating Dr. Brown gave Smith following a 1988 work-related accident. He further testified that the accident in question only caused a temporary aggravation of a preexisting injury. It did not cause any permanent increase of his preexisting back condition. Dr. Brown recommended that Smith either live with this condition or undergo an L5 decompressive laminectomy and discectomy. Surgery was also recommended to Smith in 1988 when he suffered injuries from a work-related accident, but Smith opted to not have the surgery.

While Charles Smith may have suffered from some injuries, the Court has a difficult time believing that his injuries are of a very serious nature considering the nature of the accident. Since the truck driven by Bigsby had just turned a corner when it struck the Hamwell vehicle, it could not have been going at a very high rate 16of speed. Therefore, any jolt suffered by plaintiffs must have been slight. Furthermore, Dr. Brown testified that he was no more disabled in 1994 than in 1989.

Given this evidence, the Court feels that a general damage award in the amount of $2,500 would sufficiently compensate Mr. Smith for his injuries.
The trial court found that Smith’s condition following the accident was no worse than before the accident and that his injuries were minor and temporary in nature. Smith, however, ran up considerable medical bills in what appears to be an attempt to “puff-up” his damages. We have reviewed the ‘ evidence and find no abuse of the trial court’s ’ discretion in fashioning an appropriate damage award' which includes an amount that fairly compensates Smith for his “slight” injury and those medical expenses actually warranted.

Decree

For the foregoing reasons, we reverse that part of the judgment dismissing the claim of plaintiff, Charles Smith, against defendant, Old Republic Insurance Company, and.grant judgment in favor of Charles Smith against Old Republic Insurance Company in the amount of $2,500. In all other respects, the *722 trial court judgment is affirmed. Costs are assessed against plaintiffs, Theresa Straughter and Charles Smith.