STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-240

CASEY B. PIKE,

        Plaintiff

v.

JAMES J. McINTYRE and
ENTERPRISE RENT-A-CAR
COMPANY OF BOSTON, INC.,

        Defendants

**ORDER**

This matter comes before the Court on Enterprise Rent-A-Car Company of Boston, Inc.'s Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6). Following hearing, the Motion is Granted.

## BACKGROUND

On January 4, 2006 Plaintiff Casey B. Pike (Pike) and Defendant James J. McIntyre (McIntyre) were involved in a two car-collision on Route 1 in the town of Kennebunk, Maine. McIntyre was driving a car he rented from Defendant Enterprise Rent-A-Car Company of Boston, Inc. (Enterprise).

Subsequent to the collision, Pike brought a claim against McIntyre for personal injuries sustained in the collision. In an amended complaint Pike brought an additional claim against Enterprise pursuant to 29-A M.R.S.A. § 1652(1)[1] on a theory of vicarious

---

[1] **§1652. Owner and renter jointly and severally liable**

    1. Liability. An owner engaged in the business of renting motor vehicles, with or without drivers, who rents a vehicle to another for use on a public way, is jointly and severally liable

liability. The allegations in the complaint against Enterprise pertain solely to Enterprise's ownership and lease of the vehicle. There are no allegations of negligence or criminal wrongdoing asserted against Enterprise.

Enterprise moves to dismiss the claim asserting that it is invalid since the August 10, 2005 enactment of 49 U.S.C. § 30106 (SAFETEA), which limits the liability of motor vehicle lessors.[2] Pike opposes the dismissal asserting that Section 1652 was not preempted by SAFETEA, or alternatively that SAFETEA is an unconstitutional exercise of the Commerce Clause of the United States Constitution.

## STANDARD OF REVIEW

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the

---

with the renter for damage caused by the negligence of the renter in operating the vehicle and for any damages caused by the negligence of a person operating the vehicle by or with the permission of the renter.

[2] **§ 30106. Rented or leased motor vehicle safety and responsibility**

(a) In general. An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
    (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
    (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

(b) Financial responsibility laws. Nothing in this section supersedes the law of any State or political subdivision thereof--
    (1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
    (2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

(c) Applicability and effective date. Notwithstanding any other provision of law, this section shall apply with respect to any action commenced on or after the date of enactment of this section [enacted Aug. 10, 2005] without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment.

complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

## DISCUSSION

This Court has previously considered the interaction of SAFETEA and Section 1652. *See Robbins v. Ranjini*, 2006 Me. Super. LEXIS 239 (Fritzsche, J.) (stating that Section 1652 has been preempted by SAFETEA); *Lo v. Ranjini et. al.*, Sup. Ct. Docket No. CV-06-272 (Brennan, J.) (stating that Section 1652 has been preempted by SAFETEA). The latter case was directly on point. *See also Piche v. Nugent*, 2005 U.S. Dist. LEXIS 22275 (D. Me.) (stating that SAFETEA was enacted to "preempt state statutes that impose vicarious liability on rental car companies for the negligence of their renters").

In this case Pike argues that Section 1652 survives preemption by virtue of SAFETEA subsection b.[3] He supports the argument by a plain reading of the statute. This Court, however, previously rejected that argument because rental car companies are not subject to Maine's financial responsibility law. *See Ashe v. Enterprise Rent-A-Car*, 2003 ME 147, ¶ 12, 838 A.2d 1157, 1161.

---

[3] 49 U.S.C. § 30106 (b) reads:

> (b) Financial responsibility laws. Nothing in this section supersedes the law of any State or political subdivision thereof--
> > (1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
> > (2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

Pike argues in the alternative that SAFETEA is unconstitutional because it exceeds Congress' power under the commerce clause of the United States Constitution. Again, this Court has previously rejected this argument. *See Lo v. Ranjini, et. al.,* Sup. Ct. Docket No. CV-06-272; See *also U.S. v. Lopez,* 514 U.S. 549, 558 (1995) (Congress has the power to regulate the instrumentalities of interstate commerce).

Pike's claim against Enterprise is solely in their capacity as an owner and lessor of the vehicle. He does not assert that Enterprise was otherwise negligent. SAFETEA was enacted to protect motor vehicle lessors for this specific purpose. Accordingly, Enterprises' Motion to Dismiss is granted.

The clerk may incorporate this Order into the civil docket by reference pursuant to M.R.Civ.P. 79(a).

Dated:　　　December 14 , 2007

　　　　　　　　　　　　　　　　　　　　　　G. Arthur Brennan
Susan A. Faunce, Esq. - PL　　　　　　　　Justice, Superior Court
Humphrey H.N. Johnson, Esq.-DEF JAMES
　　　　　　　　　MCINTYRE
George M. Linge, Esq.-DEF ENTERPRISE RENT-A-CAR CO. OF BOSTON, INC.
Susan Rockefeller, Esq. - DEF ENTERPRISE RENT-A-CAR CO. OF BOSTON, INC.