STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-261

MICHAEL DOYLE,

Plaintiff

v.

ROBERT FERNANDEZ, et al.,

Defendants

STATE OF MAINE
Cumberland ss Clerk's Office

06 2013
2:48 pm.
RECEIVED

ORDER

Before the court is a motion to dismiss by defendants Robert Fernandez and Ryan Dashkewich.

Both Fernandez and Dashkewich move to dismiss for insufficiency of service pursuant to Rule 12(b)(5), and Dashkewich also contends that the complaint fails to state a claim as against him.

Procedural History

Plaintiff Michael Doyle's complaint alleges that Fernandez made an improper left turn that resulted in damage to Doyle's vehicle. The complaint is dated and was originally submitted to the clerk's office on June 11, 2018. However, it was accompanied by an application for leave to proceed in forma pauperis, which was not resolved until payment of a partial filing fee on July 23, 2018.

Plaintiff Michael Doyle-Pro Se
Defendants-Benjamin Wahrer, Esq.

On September 20, Doyle filed purported returns of service showing (1) that documents sent to Fernandez by certified mail, return receipt requested, had been refused and (2) documents sent to Dashkewich by certified mail, return receipt requested, had been signed for. Doyle also submitted a certified receipt from Geico Insurance and an email or internet acknowledgment that State Farm had received Doyle's claim.

On September 24, 2018 Fernandez and Dashkewich filed the motions to dismiss that are now before the court.

Service

Service of a summons and complaint on individual defendants must generally be made in accordance with M.R.Civ.P. 4(d)(1). That rule does not authorize service by certified mail. Under M.R.Civ.P. 4(c)(1) a plaintiff may send complaints to a defendant by first-class mail enclosing an acknowledgment of service. A form acknowledgment of service is listed in the Appendix to the Civil Rules and is available from the Clerk's office or on the judicial branch website.[1]

The acknowledgment form is to be signed by the defendant and states that the defendant has received the summons and complaint and understands that if no

---

[1] Form CV-036, found at http://www.courts.maine.gov/fees_forms/forms/index.shtml#cv

2

answer is filed within the applicable time limits, a default judgment may be entered. A certified mail receipt is not an acknowledgment of service.

The last sentence of Rule 4(c)(1) provides that if no acknowledgment is received by the sender, service must be made by a sheriff or other authorized process server or by another method authorized by statute or rule. *See Brown v. Thaler,* 2005 ME 75 ¶ 5, 880 A.2d 1113.

In this case Doyle attempted service by certified mail, but did not obtain acknowledgments of service. Accordingly, service has not been validly made under Rule 4(c)(1). [2]

Both Fernandez and Dashkewich appear to be New York residents, but Doyle's complaint does not fall within the special categories of cases that would permit service by certified mail under Rule 4(f)(1) and (2). Finally, if service by certified mail were valid under New York law, it is possible that service could be

---

[2] After Doyle filed an opposition to defendants' motion and after defendants filed their reply, Doyle filed what he styled as an "Answer" to defendants' reply. Counsel for defendants has objected, noting that sur-reply papers may only be filed by leave of court. Leave of court was not sought or obtained, and Doyle's "Answer" can therefore be disregarded.

Even if the "Answer" were not disregarded, it would not affect the outcome of this motion. The "Answer" attaches a certified mail receipt signed by a member of Fernandez's household on May 9, 2017. The document that was received at that time could not have been the complaint in this action, which is dated more than a year later. Moreover, as noted above, a certified mail receipt is not an acknowledgment of service.

upheld under Rule 4(e). However, New York does not authorize service by certified mail. *See* NY CPLR § 308.[3]

Even though it is evident that defendants now have notice of Doyle's claim, proper service of the summons and complaint is required, and Doyle's failure to properly serve Fernandez and Dashkewich requires dismissal of the complaint pursuant to M.R.Civ.P. 12(b)(5). *Brown v. Thaler,* 2005 ME 75 ¶¶ 8-13. A dismissal under Rule 12(b)(5) is without prejudice. *Fries v. Carpenter,* 567 A.2d 437, 439 (Me. 1989).

Failure to State a Claim as against Dashkewich

As to Dashkewich, Doyle's complaint also fails to state a claim upon which relief may be granted.

The body of Doyle's complaint contains no allegations whatsoever against Dashkewich. The only mention of Dashkewich is in the caption, which identifies Dashkewich as "Owner" – presumably of the automobile alleged to have collided with Doyle's vehicle. However, vehicle owners are not liable for the alleged negligence of drivers who are not employees or agents. *See Ashe v. Enterprise Rent-*

---

[3] In New York, if service is made by leaving the summons and complaint with a person of suitable age and discretion or is made by affixing the summons and complaint to a defendant's door, service by mail is also required. NY CPLR §§ 308(2) and 308(4).

4

*A-Car*, 2003 ME 147 ¶ 8, 838 A.2d 1157. The complaint does not allege that Fernandez was an employee or agent of Dashkewich, and Doyle does not make that claim in his opposition to the motion to dismiss. Instead, he argues that Dashkewich would potentially be liable under "the rule of domestic partnership."

Even if Fernandez and Dashkewich were domestic partners,[4] Doyle offers no authority – and the court is aware of none – for the proposition that any "rule of domestic partnership" exists that could lead to the imposition of liability on Dashkewich for alleged negligence by Fernandez. Accordingly, there is no reason to allow Doyle to amend his complaint to allege the existence of a domestic partnership, and his complaint is dismissed with prejudice as against Dashkewich.

The entry shall be:

Defendants' motion to dismiss is granted. For the reasons set forth above, the complaint is dismissed without prejudice as against defendant Robert Fernandez and is dismissed with prejudice as against defendant Ryan Dashkewich. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November _6_, 2018

_____
Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 11/07/18

_____

[4]    Despite Doyle's alleged belief that some kind of domestic partnership existed, the existence of such a partnership is denied by counsel for defendants.