MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 153
Docket:      Yor-19-63
Argued:      September 26, 2019
Decided:     October 24, 2019
Revised:     November 19, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN,* JABAR, HJELM, and HUMPHREY, JJ.

## NATIONAL WRECKER, INC.

v.

## PROGRESSIVE CASUALTY INSURANCE COMPANY

JABAR, J.

[¶1]  National Wrecker, Inc., ("NWI") appeals from an order entered in the Superior Court (York County, *O'Neil, J.*) granting Progressive Casualty Insurance Company's ("Progressive") motion for summary judgment, and denying NWI's.  Central to this appeal is the question of whether a judgment obtained by NWI against Fred Muluya d/b/a Anakiya Trucking ("Muluya"), Progressive's insured, is covered by Muluya's automobile insurance contract. We agree with the Superior Court that it is not covered by the policy, and we therefore affirm the judgment in favor of Progressive.

---

*  Although not available at oral argument, Justice Gorman participated in the development of this opinion.  See M.R. App. P. 12(a) ("A qualified justice may participate in a decision even though not present at oral argument.").

## I. BACKGROUND

[¶2]   The following facts are set forth in the joint stipulation of fact, submitted to the Superior Court in support of the parties' respective motions for summary judgment.   We review the Superior Court's entry of summary judgment de novo as a matter of law, in light of the stipulated facts.   *Wallace v. State Farm Mut. Auto. Ins. Co.*, 2017 ME 141, ¶ 8, 166 A.3d 989.

### A.   The Accident

[¶3]   Muluya[1] owned a large box truck insured by a Commercial Auto Insurance Policy through Progressive, the defendant in this matter.   In the early morning of December 20, 2016, the Eliot Police Department contacted NWI to respond to an accident involving Muluya's truck, which had gone off the road and crashed into a ditch on property owned by a third party.   The truck had suffered substantial damage and diesel fuel was leaking from the punctured fuel tank.   In an effort to contain the leaked fuel and prevent further leakage, the NWI employees pumped the remaining diesel from the truck and laid absorbent pads over the spilled fuel.   NWI also removed debris from the scene. Two NWI wreckers removed the truck from the third party's property to the

---

[1] Muluya is not a party in the present case.

roadway and towed it to an NWI facility in Eliot.[2]  NWI sent Muluya an invoice detailing these services and requesting payment of $7,440 for the services.

[¶4]  In February 2017, NWI filed a complaint against Muluya in Superior Court, seeking "payment of its invoice for recovery and remediation services; assisting of [Muluya] in the clean-up of [the] accident; towing fees; and storage fees."  In June 2017, the Superior Court (York County, *Douglas, J.*) entered judgment in favor of NWI (the "underlying judgment") and awarded NWI $26,540 in total damages for the services listed on the invoice and the subsequent storage fees for Muluya's truck. [3]

B.    The Policy

[¶5]    Muluya carried a Commercial Auto Insurance Policy with Progressive at all times relevant to this case.  The truck was listed on the "Auto Coverage Schedule" of the policy.  The policy provides $5,000 in compulsory property damage liability coverage, and $100,000 in optional property damage coverage.

---

[2] A separate company was responsible for further cleanup and remediation of the leaked diesel fuel.

[3] The record does not contain a copy of the complaint filed in the underlying case, *Nat'l Wrecker, Inc. v. Fred Muluya d/b/a Anakiya Trucking*, ALFSC-CV-2017-0045 (Me. Super. Ct., York Cty., June 29, 2017).  As discussed in greater detail below, the parties disagree about what the underlying judgment represents.

4

[¶6]  Liability coverage is provided in Part I of the policy, which contains the following language:[4]

> [I]f you pay the premium for liability coverage, we will pay damages . . . for bodily injury, property damage, and covered pollution cost or expense, *for which an insured becomes legally responsible because of an accident* arising out of the ownership, maintenance or use of an insured auto.

The Policy defines "property damage" as "damage to tangible property including any applicable sales tax and the costs resulting from loss of use of the damaged property."

C.    The Order Appealed From

[¶7]  Pursuant to Maine's reach-and-apply statute, 24-A M.R.S. § 2904 (2018), NWI filed a claim against Progressive on August 7, 2017, seeking recovery of the $26,540 judgment it obtained against Muluya.  NWI also sought a declaratory judgment entitling it to collect on its judgment against Muluya from Progressive, pursuant to 14 M.R.S. §§ 5951-5963 (2018).

[¶8]  The parties filed cross-motions for summary judgment in May 2018, along with a joint stipulation of fact.  Both parties contended that the "sole legal issue to be decided in the case [was] whether Progressive's insurance policy

---

    4  This is the standard Liability to Others provision of the policy as amended by a Massachusetts Amendatory Endorsement.

covers National Wrecker's judgment." After holding a hearing on the motions, the Superior Court (*O'Neil, J.*) issued an order granting Progressive's motion for summary judgment and denying NWI's.

[¶9] NWI timely appeals. M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶10] "We review de novo both a court's grant of summary judgment and its interpretation of an insurance policy." *Kelley v. North East Ins. Co.*, 2017 ME 166, ¶ 4, 168 A.3d 779. The material facts are not in dispute and our review is limited to whether Progressive was entitled to judgment as a matter of law. *Id*.

[¶11] "Standard liability insurance policies provide that the insurer has a duty to indemnify the insured for those sums that the insured becomes legally obligated to pay as damages for a covered claim." *Harlor v. Amica Mut. Ins. Co.*, 2016 ME 161, ¶ 23, 150 A.3d 793 (alterations omitted) (quotation marks omitted). "The reach and apply statute enables a judgment creditor to have insurance money applied to the satisfaction of the judgment by bringing an action against the judgment debtor's insurer if the judgment debtor was insured for the liability forming the basis of the judgment." *Ashe v. Enterprise Rent-A-Car*, 2003 ME 147, ¶ 14, 838 A.2d 1157 (citation omitted); 24-A M.R.S. § 2904 (2018).

[¶12] When a party appeals a judgment denying insurance coverage in a reach-and-apply action, our first step is to "identify the basis of liability and damages from the underlying complaint and judgment and then to review the insurance policy to determine if any of the damages awarded in the underlying judgment are based on claims that would be recoverable pursuant to the policy." *Kelley*, 2017 ME 166, ¶ 5, 168 A.3d 779 (alterations omitted) (quotation marks omitted); *see* 24-A M.R.S. § 2904 (2018).

[¶13] The parties do not dispute that the basis for the underlying judgment is Muluya's liability for payment for the services rendered by NWI. Rather, the parties dispute whether there was property damage to the property owned by the third party that is inseparably linked to those services and Muluya's liability.

[¶14] Muluya's policy with Progressive does cover property damage caused by Muluya's truck to the third-party owner's property resulting from the accident. However, Muluya has not been sued by the property owner, nor has Muluya's responsibility for any property damage ever been otherwise established. The question before us is whether the underlying judgment obtained by NWI is for damage to the third-party owner's property.

[¶15]  While the parties stipulated that the court entered judgment for NWI and awarded $26,540 in total damages for the services listed on the invoice and the subsequent storage fees, there is nothing in the record that specifies the allegations of the underlying complaint or the basis for the award. There is nothing to establish that those services were a direct result of the unidentified third-party owner's property damage that would be covered under Muluya's policy.  *See Unobskey v. Continental Ins. Co.*, 147 Me. 249, 258, 86 A.2d 160 (1952).

[¶16]  Progressive was entitled to judgment as a matter of law because NWI failed to satisfy its burden of showing that the allegations of the underlying judgment established liability *for property damage* covered by the policy.

[¶17]   Section 2904 provides that, when a party "recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name . . . ."  24-A M.R.S. § 2904 (2018).  Section 2903 creates liability for the insurer "whenever such [covered] loss or damage, for which the insured is responsible, occurs."  24-A M.R.S. § 2903 (2018).  A necessary prerequisite for a reach-and-apply action is a final judgment for covered damage.  Because NWI

has not established that its final judgment against Muluya is for covered damage, it cannot prevail in a reach-and-apply action and Progressive was entitled to judgment as a matter of law.[5]

## III. CONCLUSION

[¶18]    We hereby affirm the Superior Court's order granting Progressive's motion for summary judgment and denying NWI's motion.

The entry is:

Judgment affirmed.

---

William J. Gallitto, III, Esq. (orally), Bergen & Parkinson, LLC, Saco, for appellant National Wrecker, Inc.

James D. Poliquin, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for appellee Progressive Casualty Insurance Company

York County Superior Court docket number CV-2017-183
FOR CLERK REFERENCE ONLY

---

[5] We find no merit to NWI's argument that the Duty to Protect provision of the insurance contract provides an independent basis for coverage and we therefore do not discuss it.