MAINE SUPREME JUDICIAL COURT                                      Reporter of Decisions
Decision:     2013 ME 9
Docket:       Cum-12-147
Argued:       December 13, 2012
Decided:      January 17, 2013

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and
              JABAR, JJ.

## JODY L. SAVAGE

v.

## MAINE PRETRIAL SERVICES, INC.

MEAD, J.

[¶1]   Jody Savage appeals from a judgment of the Superior Court (Cumberland County, *Wheeler, J.*) dismissing Count I of her complaint alleging that the termination of her employment by Maine Pretrial Services was a violation of the Maine Medical Use of Marijuana Act (MMUMA or Act), 22 M.R.S. §§ 2421-2430-B (2012).  She argues that her application for a license to operate a medical marijuana dispensary was "authorized conduct" within the meaning of the Act and her subsequent termination was thus a penalty prohibited by the Act.  We affirm the trial court's judgment dismissing Count I of Savage's complaint.

2

## I. BACKGROUND

[¶2] "In reviewing a trial court's decision on a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), we view the facts alleged in the complaint as if they were admitted." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 2, 54 A.3d 710.

[¶3] Jody Savage was employed as a case manager for the Family Treatment Drug Court at the Lewiston District Court from June 1, 2009, through June 28, 2010. On March 1, 2010, Savage approached her supervisor to discuss her interest in applying for a license to open a registered medical marijuana dispensary. Savage and her supervisors had a series of additional meetings and communications on this topic. At some point,[1] Savage applied to open a registered medical marijuana dispensary.

[¶4] Beginning on or about April 12, 2010, Savage was disciplined for her work attire and implementation of the compensable time policy, despite not having changed her attire or behavior since she began working at Maine Pretrial Services. Savage was terminated from her employment at Maine Pretrial Services on June 28, 2010.

[¶5] Savage alleged in Count I of her complaint that her termination was a violation of the MMUMA. Maine Pretrial Services moved to dismiss Savage's complaint on the ground that she failed to state a claim upon which relief could be

---

[1] The timing of her application is unclear from the facts alleged in the complaint.

granted. *See* M.R. Civ. P. 12(b)(6). The court granted the motion to dismiss with respect to several counts, including Count I. The parties later stipulated to the dismissal of the remaining counts, and the court entered its final judgment as to these counts on March 21, 2012.

## II. STANDARD OF REVIEW

[¶6] "We review de novo the legal sufficiency of a complaint when it has been challenged by a motion to dismiss." *McCormick v. Crane*, 2012 ME 20, ¶ 5, 37 A.3d 295. Statutory interpretation is also subject to de novo review. *Ashe v. Enterprise Rent-A-Car*, 2003 ME 147, ¶ 7, 838 A.2d 1157.

## III. DISCUSSION

A.   Analytical Framework

[¶7] When we interpret a statute "our objective is to give effect to the Legislature's intent." *Id.* ¶ 7. To determine legislative intent, "we first look to the statute's plain meaning," *id.*, and construe the language "to avoid absurd, illogical, or inconsistent results," *Hanson v. S.D. Warren Co.*, 2010 ME 51, ¶ 12, 997 A.2d 730.

[¶8] Only if there is an ambiguity "will we look to extrinsic indicia of legislative intent such as relevant legislative history," *Lyle v. Mangar*, 2011 ME 129, ¶ 11, 36 A.3d 867; the statute's underlying policy, *HL 1, LLC v. Riverwalk, LLC*, 2011 ME 29, ¶ 17, 15 A.3d 725; and rules of construction,

4

*Hanson*, 2010 ME 51, ¶ 12, 997 A.2d 730. Although each party argues on appeal that the plain language of the statute supports the party's position, "a statute is not ambiguous simply because a court must exercise its function to interpret the statute's plain meaning." *See Brooks v. Carson*, 2012 ME 97, ¶ 19, 48 A.3d 224. Rather, a statute is ambiguous if it "can reasonably be interpreted in more than one way and comport with the actual language of the statute." *Gaeth v. Deacon*, 2009 ME 9, ¶ 15, 964 A.2d 621 (quotation marks omitted). We do not conclude that the language of MMUMA at issue is ambiguous, and therefore we proceed to analyze the statute's plain language.

B. Plain Meaning Analysis

[¶9] The section of the MMUMA at issue provides certain protections to those "whose conduct is authorized under" the chapter:

> **1**. **Rights of persons or entities acting pursuant to this chapter.** A person whose conduct is authorized under this chapter may not be denied any right or privilege or be subjected to arrest, prosecution, penalty or disciplinary action, including but not limited to a civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau, for lawfully engaging in conduct involving the medical use of marijuana authorized under this chapter.

22 M.R.S. § 2423-E(1).

[¶10] At the outset we note that the last phrase of subsection 2423-E(1) limits its protections to those acts that constitute "lawfully engaging in conduct

involving the medical use of marijuana authorized under this chapter." 22 M.R.S. § 2423-E(1). Applying for a dispensary license does not, in any fashion, involve the medical use of marijuana. It is a preliminary step in a process that may or may not result in an applicant being granted a license and then, and only then, being authorized to operate a nonprofit dispensary, thereby engaging in conduct involving the medical use of marijuana. The statute's plain meaning appears contrary to the interpretation Savage urges upon us. We nonetheless examine the structure and purpose of section 2423-E in the larger context of the entire chapter "so that a harmonious result, presumably the intent of the Legislature, may be achieved." *See Ashe*, 2003 ME 147, ¶ 7, 838 A.2d 1157.

1. Structure of 22 M.R.S. §§ 2423-A through 2423-E

[¶11] The statutory section at issue is section 2423-E titled "Requirements," which prohibits, among other actions, penalizing "[a] person whose conduct is authorized under this chapter" and discrimination by a school, employer or landlord in certain circumstances. 22 M.R.S. § 2423-E(1)-(2). It also sets forth the requirements for qualifying patients and primary caregivers to receive protection under the section. *Id.* § 2423-E(5).

[¶12] The other four sections, by their headings and substance, describe conduct that is expressly authorized by the MMUMA. Section 2423-A, entitled "Authorized conduct for the medical use of marijuana," authorizes a qualifying

6

patient to possess and cultivate a certain amount of prepared marijuana or mature plants. *Id.* § 2423-A(1). It also authorizes a primary caregiver or hospice provider who has been designated by the qualifying patient to possess, cultivate, and provide marijuana to the patient. *Id.* § 2423-A(2)-(4). Section 2423-B, entitled "Authorized conduct by a physician," authorizes physicians to provide a written certification that the patient requires marijuana for medical purposes. *Id.* § 2423-B. Section 2423-C, entitled "Authorized conduct," authorizes any person to provide marijuana paraphernalia for the qualifying patient's medical use and to be present when the patient uses the marijuana. *Id.* § 2423-C. Section 2423-D, entitled "Authorized conduct by a visiting qualifying patient," authorizes qualifying patients from another state in which the medical use of marijuana is permitted to engage in that conduct in Maine if they have certain documentation. *Id.* § 2423-D.

[¶13] Savage has not pleaded any facts in her complaint that she falls into one of these four categories of persons and has conceded on appeal that sections 2423-A through 2423-D do not govern registered dispensaries or applicants who seek to operate registered dispensaries.

2. The MMUMA

[¶14] Section 2423-E(1) provides protections to those engaging in "conduct [that] is authorized under this chapter." Notwithstanding the mandate of 1 M.R.S.

§ 71(10) (2012) that titles of sections, such as 2423-A through 2423-E, are not legal provisions, we are persuaded by the fact that the substance of those sections expressly identify conduct that is authorized within the chapter—using, prescribing, dispensing, and administering marijuana.

[¶15]  Moreover, we note that outside of sections 2423-A through 2423-E the chapter identifies only registered dispensaries as additional conduct that is authorized, even though the word "authorized" is not used in section 2428 prescribing the requirements for registered dispensaries.  *See* 22 M.R.S. § 2428; *id.* § 2426(1)(E) (the Act does not permit a person to "[u]se or possess marijuana if that person is not a qualifying patient, primary caregiver, registered dispensary or other person authorized to use or possess marijuana under this chapter"); *id.* § 2425(11) (requiring "patient[s], registered primary caregiver[s] or a principal officer, board member or employee of a registered dispensary who has been issued a valid registry identification card" to also possess Maine-issued photo identification "in order to establish proof of authorized participation in the medical use of marijuana under this chapter"); *id.* § 2422(3) (providing that "individual[s] authorized to cultivate the marijuana," which includes registered dispensaries, *see id.* § 2428(1-A), are the only ones that are permitted to access "[e]nclosed, locked facilit[ies]" where the marijuana is stored).  Nowhere in the chapter does the

phrase "authorized conduct" describe applications for a license to operate registered dispensaries.

3. Analysis

[¶16] The structure and organization of the Act confirm that the word "authorized" is used as a term of art within the Act to refer to conduct expressly authorized by the Act—using, prescribing, dispensing, and administering marijuana—and not in reference to implied conduct, as Savage contends.

[¶17] The specific and express authorizations for certain people to use, administer, prescribe, and dispense marijuana are necessary because a person would be engaging in conduct that would otherwise be illegal, but for the MMUMA. *See, e.g.,* 22 M.R.S. § 2383(1)(A) (2012) (possession of marijuana is a civil violation); 17-A M.R.S. § 1117(1)(A) (2012) (cultivating marijuana is a Class E crime); 17-A M.R.S. § 1111-A(4-A) (2012) (furnishing drug paraphernalia is a Class E crime). The express authorizations to use, prescribe, administer, or dispense marijuana pursuant to chapter 558-C thus create immunity from prosecution or other sanctions by state government.

[¶18] The conduct of applying for a license to operate a registered dispensary, although contemplated and required by the Act in order to operate a registered dispensary, is not otherwise illegal and therefore does not require special protection. Those who operate registered dispensaries, unlike mere applicants,

have the privileges of possessing, cultivating, and dispensing marijuana. The fact that "authorized conduct" is used in the Act only in reference to conduct that was previously illegal underscores the limit on the protections available under the Act. *See City of Saco v. Pulsifer*, 2000 ME 74, ¶ 5, 749 A.2d 153 ("If the meaning of this language is plain, we must interpret the statute to mean exactly what it says." (quotation marks omitted)).

[¶19] Additionally, title 22 M.R.S. § 2423-E(1) does not create a private right of action against private employers. Rather, it protects against prosecution and penalties by governmental regulatory entities. The text of section 2423-E(1) provides: "A person whose conduct is authorized under this chapter may not . . . be subjected to arrest, prosecution, penalty or disciplinary action, including but not limited to a civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau." Despite Savage's urging, we do not read the word "business," an imprecise non-legal term, as disjoined from the conjunctive phrase "business or occupational or professional licensing board or bureau." *See id.* The statute already provides for a private right of action for qualifying patients and primary caregivers who have been discriminated against by their employers and it would have been duplicative for the Legislature to provide for a private right of action against employers again in section 2423-E(1). *See id.* § 2423-E(2).

[¶20] We therefore find no error in the court's dismissal of Savage's complaint for failure to state a claim upon which relief can be granted.

The entry is:

Judgment affirmed.

**On the briefs:**

Lee H. Bals, Esq., and Andrew C. Helman, Esq., Marcus, Clegg & Mistretta, P.A., Portland, for appellant Jody L. Savage

Robert W. Kline, Esq., Kline Law Offices, Portland, for appellee Maine Pretrial Services, Inc.

**At oral argument:**

Andrew C. Helman, Esq., for appellant Jody L. Savage

Robert W. Kline, Esq., for appellee Maine Pretrial Services, Inc.

Cumberland County Superior Court docket number CV-2011-326
FOR CLERK REFERENCE ONLY