STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-05
JAW-CUM-05-21-14

JAMES J. MENDILLO,

Plaintiff

v.

MRE, INC. and JOHN DOE,

Defendants

ORDER ON PARTIAL
MOTION TO DISMISS

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAY 2 1 2014

RECEIVED

Before the Court is the defendants' motion to dismiss counts II – VII of plaintiff's complaint. For the following reasons, the motion is granted.

## Background

The following facts are taken from plaintiff James Mendillo's complaint. The Court does this because on a motion to dismiss the court must view the complaint in the light most favorable to the plaintiff. During the events of this case, Mendillo was a supervisory chef at Mid Coast Hospital in Brunswick, Maine. (Compl. ¶¶ 3, 5.) At the time, defendant MRE, Inc. provided kitchen cleaning and servicing to Mid Coast Hospital. (Compl. ¶ 3.) On January 18, 2008 an unknown MRE employee, "John Doe," used a chemical cleaning product known as "calcium remover" on the kitchen equipment at Mid Coast Hospital. (Compl. ¶ 6.) After he finished cleaning the equipment, he told Mendillo that it was "all set." (Compl. ¶ 7.)

Mendillo alleges that John Doe failed to properly remove all of the chemical cleaning agents from the kitchen equipment. (Compl. ¶ 8.) As a result, a buildup of lime flakes blocked the drain for a steam table in the kitchen. (Compl.

¶¶ 8, 11.) Mounting steam pressure inside the equipment caused it to malfunction. (Compl. ¶ 11.) When Mendillo opened the equipment, he was blasted with a large burst of steam that contained phosphoric acid and hydrochloric acid from the calcium remover product. (Compl. ¶¶ 12-13.) Mendillo suffered serious injuries, including "permanent bodily impairment." (Compl. ¶ 19.)

## Procedural History

Mendillo filed his complaint on January 8, 2014. Mendillo's complaint contains seven counts: negligence (count I), negligent failure to warn (count II), strict liability for failure to warn (count III), strict liability for failure to comply with OSHA requirements (count IV), negligent misrepresentation (count V), negligent supervision (count VI), and exemplary damages (count VII). Defendant MRE, Inc. filed its answer and motion to dismiss on March 26, 2014.

## Discussion

### 1. Standard of Review

A motion to dismiss tests the legal sufficiency of the complaint. *Savage v. Me. Pretrial Servs., Inc.*, 2013 ME 9, ¶ 6, 58 A.3d 1138. The Court must view the complaint in "the light most favorable to the plaintiff" and treat its material allegations "as admitted to determine whether it alleges the elements of a cause of action against the defendant or alleges facts that could entitle the plaintiff to relief under some legal theory." *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400. Dismissal is warranted only "when it is beyond doubt that the plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Id.* (quotation marks omitted). "A party may not . . . proceed on a cause of action if that party's complaint has failed to allege facts

2

that, if proved, would satisfy the elements of the cause of action." *Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶ 17, 19 A.3d 823.

2. <u>Negligent and Strict Liability Failure to Warn (Counts II and III)</u>

Mendillo alleges that defendants are liable for failing to warn him about the dangerous nature of the products used to clean the kitchen equipment.

> Regardless of whether a failure to warn claim is phrased in terms of negligence or strict liability, the analysis . . . is basically the same. The general rule is that the supplier of a product is liable to expected users for harm that results from foreseeable uses of the product if the supplier has reason to know that the product is dangerous and fails to exercise reasonable care to so inform the user.

*Pottle v. Up-Right, Inc.*, 628 A.2d 672, 675 (Me. 1993) (quotation marks omitted). The problem with Mendillo's failure to warn claims is that defendants were not "suppliers" and Mendillo was not a "user" of the cleaning product. As alleged in Mendillo's complaint, MRE provided cleaning services to Mid Coast Hospital. Mendillo does not have a products liability claim, based on strict liability or negligence, because there is no product in this case. Mendillo's ordinary negligence claim captures his allegations that MRE and its employee had a duty to warn him that the cleaning product could be dangerous. Because Mendillo has failed to state a claim based on products liability, counts II and III will be dismissed.

3. <u>Strict Liability for Failure to Comply with OSHA Requirements (Count IV)</u>

Count IV of Mendillo's complaint asserts strict liability for failure to comply with OSHA requirements. Although OSHA standards may be used as evidence of a standard of care,[1] violation of OSHA standards is not the basis for an independent claim. *Libby v. Griffith Design & Equip. Co.*, 1991 WL 185178, at *4

---

[1] Defendants dispute whether the standards can be used in this case. The Court need not resolve this evidentiary issue at this stage of the case.

3

(D. Me. 1990); *see also* 29 U.S.C. § 653(b)(4) (2012) ("Nothing in this chapter shall be construed . . . to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."). Accordingly, count IV of plaintiff's complaint will be dismissed.

### 4. Negligent Misrepresentation (Count V)

Mendillo asserts a negligent misrepresentation claim based on John Doe declaring that the equipment was "all set" after he finished cleaning. "Negligent misrepresentation is a vehicle for asserting claims for economic harm." *Langevin v. Allstate Ins. Co.*, 2013 ME 55, ¶ 11, 66 A.3d 585. The *Langevin* court defined the tort as follows:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information *for the guidance of others in their business transactions*, is subject to liability for *pecuniary loss* caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Id.* (emphasis added). The tort only covers economic losses and does not extend to physical harm. Accordingly, count V of the complaint will be dismissed.

### 5. Negligent Supervision (Count VI)

Mendillo alleges in count VI that MRE negligently failed to supervise or properly train its employee. The Law Court has recognized a cause of action for negligent supervision, but only under specific circumstances involving a "special relationship" between the plaintiff and the defendant. *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 16, 970 A.2d 310. Mendillo does not allege any type of special relationship sufficient to sustain a cause of action for negligent

4

supervision. *See id.* ¶ 19 (limiting liability to "those fiduciary relationships in which there exists a great disparity of position and influence between the parties").

Mendillo's alternative wording of the count as the failure to properly train employees is not a recognized cause of action in Maine. Contrary to Mendillo's argument, the court in *Smith v. Central Maine Power Co.* did not find that failure to properly train was an independent basis for liability. *Smith v. Cent. Me. Power Co.*, 2008 WL 5692135 (Me. Super. Ct. Nov. 3, 2008). In that case, employee training was used as evidence of a violation of statutory standards, but it was not the basis of the negligence claim itself. *Id.* Count VI of Mendillo's complaint will be dismissed.

### 6. Punitive Damages (Count VII)

Finally, Mendillo has included a count for punitive damages. "[M]ere negligence cannot support an award of punitive damages." *Tuttle v. Raymond*, 494 A.2d 1353, 1360 (Me. 1985). Moreover, "punitive damages is not a separate and distinct cause of action under Maine law. Rather, it is a type of remedy." *Frank v. L.L. Bean, Inc.*, 352 F. Supp.2d 8, 13 (D. Me. 2005). Count VII of Mendillo's complaint will be dismissed.

### Conclusion

Mendillo has properly alleged in Count I a negligence claim against defendants MRE, Inc. and John Doe. His other claims do not state a cause of action in Maine.

The entry is:

> Defendants' partial motion to dismiss is GRANTED.
> Counts II-VII of plaintiff's complaint are DISMISSED as against MRE, Inc. and John Doe.

5

Dated: May 21, 2014

_____
Joyce A. Wheeler
Justice, Superior Court

Plaintiff-James F Cloutier Esq/Amber Collins Esq
Defendant-Paul Catsos Esq/Hillary Bouchard Esq