STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTION
                                                  DOCKET NO. CV-14-102


WALTER KNOPE and
DOROTHY KNOPE


Plaintiffs,


v.                                                **ORDER**


GREEN TREE SERVICING, LLC,


Defendant.


## I.  Background

Plaintiffs Walter and Dorothy Knope ("the Knopes") brought this action against Green Tree Servicing, LLC ("Green Tree") seeking declaratory relief regarding a note and mortgage on their home at 15 Hillside Drive, Eliot, Maine ("the Eliot property"). Plaintiffs seek a declaratory judgment stating how much they owe. The parties disagree as to the correct amount; the complaint alleged "charges for late fees and other charges that are not properly attributable to the Note and Mortgage." (Compl. ¶ 12.)

Green Tree failed to answer the complaint and a default entered. The court denied Green Tree's motion to set aside the default on the grounds an "administrative error" did not constitute "good cause" under Rule 55(b)(2). A hearing was thereafter held to determine the proper payoff amount to bring the loan current, in particular, what

1

"charges" the Knopes alleged were "not properly attributable to the Note and Mortgage."[1]

Prior to the hearing, the Knopes sold the Eliot property on May 29, 2015. By agreement, the Knopes paid Green Tree $338,892.45 on the condition that the sum would be reduced by any amount this court determined exceeded the correct amount due under the note and mortgage.

## II. Discussion

The Knopes concede Green Tree holds and owns the note and is entitled to at least $318,989.30. The Knopes argue, however, that certain fees assessed and added to the $338,892.45 total payoff amount generated by Green Tree derive from the mortgage and are therefore only recoverable by the entity that owns the mortgage. The Knopes argue Green Tree lacks authority to collect those fees because Green Tree's purported ownership interest comes from an assignment from Mortgage Electronic Registrations Systems, Inc. (MERS). *See Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶ 15, 96 A.3d 700.

MERS can only assign what it has, which under the terms of the mortgage here, as in *Greenleaf*, is merely the power to record the mortgage as nominee for the lender.[2] 2014 ME 89, ¶ 15, 96 A.3d 700. To possess a contractual right to recover fees paid for

---

[1] The court reserved judgment on the Plaintiffs' impracticability theory. The court concludes that the defense of impracticability fails for the reasons stated in the order, in particular that the Knopes cannot avoid payment of properly assessed fees by asserting temporary impracticability. *See Restatement (Second) of Contracts* § 269. The only issue remaining is whether Green Tree may recover the fees sought.

[2] Green Tree's argument that even if the assignment is defective, it still qualifies as a "Lender" described in the mortgage is unavailing because the mortgage defines a lender as an entity that takes ownership of *both* the note *and* the mortgage. *See JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 9, 10 A.3d 718.

2

property taxes, insurance, and other fees accumulated in protecting the bank's security interest sought here, Green Tree must establish ownership of the mortgage.

GMAC was the original lender and owner of the Knopes mortgage. Green Tree would therefore need an assignment from GMAC or from a successor or assignee of GMAC to establish an ownership interest in the mortgage and thus have the right to collect fees assessed pursuant to the mortgage. The assignment from MERS did not effectively grant Green Tree those rights. *See Greenleaf*, 2014 ME 89, ¶¶ 15-17, 96 A.3d 700. Green Leaf therefore lacks contractual authority to enforce rights created by the mortgage. This does not, however, end the matter. Green Tree argues that even if it lacks an ownership interest in the mortgage and cannot contractually collect the fees, the court should nonetheless enforce the total payoff amount to avoid unjust enrichment.[3]

Unjust enrichment may be found where (1) the claimant conferred a benefit on the other party, (2) the other party knew or appreciated the benefit, and (3) the other party's retention of the benefit without compensating the claimant would be inequitable under the circumstances. Horton & McGehee, *Maine Civil Remedies* § 7.3 at 174 (4th ed. 2004). "To bring a case within the scope of the equitable doctrine of unjust enrichment, there must be some specific legal principle or situation which equity has established or recognized." *Ocean Nat'l Bank v. Diment*, 462 A.2d 35, 38 (Me. 1983). "The retention of the property must be in violation of a duty that the law imposes." *Id.* at 39.

Green Tree conferred a benefit on the Knopes by paying for property taxes, insurance, and incurring other expenses during the time the Knopes were in default on the

---

[3] The court would likely have adopted the Plaintiff's argument had the issue been only these amounts were owed by operation of law. However since the amounts have actually been paid by Greentree the court engages in the equitable analysis above.

3

loan. The Knopes knew and appreciated this benefit. The court concludes that to allow the Knopes to avoid payment for fees and expenses incurred by Green Tree in protecting the security interest in the Eliot property pursuant to the terms of the mortgage would be inequitable. Green Tree is entitled to the fees to avoid unjust enrichment. The payoff amount is correct; thus the Knopes are not entitled to any refund of the payoff sum.

The entry shall be:

Judgment for Defendant. Plaintiffs are not entitled to any refund of the $338,892.45 payoff amount.

SO ORDERED.

DATE: September 26, 2015

_____
John O'Neil, Jr.
Justice, Superior Court

**ENTERED ON THE DOCKET ON:** 9/30/15

4

ALFSC-CV-2014-102

ATTORNEY FOR PLAINTIFFS:
PATRICK BEDARD, ESQ.
LAW OFFICE OF BEDARD & BOBROW
9 BRADSTREET LANE
PO BOX 366
ELIOT, ME 03903

ATTORNEY FOR DEFENDANT:
PRO HAC VICE
RICHARD BRIANSKY, ESQ.
MCCARTER & ENGLISH LLP
265 FRANKLIN STREET
BOSTON, MA 02110-313

CATHERINE MOHAN, ESQ.
MCCARTER & ENGLISH LLP
CITYPLACE I - 185 ASYLUM STREET
HARTFORD, CT 06103

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-102
JON-YOR-11-26-14

WALTER KNOPE and
DOROTHY KNOPE

Plaintiffs,

v.                                                                         **ORDER**

GREEN TREE SERVICING, LLC,

Defendant.

## I. Background

### A. Procedural Posture

Plaintiffs Walter and Dorothy Knope ("the Knopes") brought this action against
Green Tree Servicing, LLC ("Green Tree") seeking declaratory relief arising out a note
and mortgage on their home at 15 Hillside Drive, Eliot, Maine ("the Eliot property").
Specifically, the Knopes demand an accounting[1] and a declaratory judgment stating how

---

[1] The Knopes seek an accounting under 14 M.R.S. § 6301:

> Any mortgagor or other person having a right to redeem lands mortgaged may demand of
> the mortgagee or person claiming under the mortgagee a true account of the sum due on
> the mortgage, and of the rents and profits, and money expended in repairs and
> improvements, if any. If the mortgagee unreasonably refuses or neglects to render such
> an account in writing, or in any other way by default prevents the plaintiff from
> performing or tendering performance of the condition of the mortgage, the mortgagor
> may bring a civil action for the redemption of the mortgaged premises within the time
> limited in former section 6204, and therein offer to pay the sum found to be equitably
> due, or to perform any other condition, as the case may require. Such an offer has the
> same force as a tender of payment or performance before the commencement of the
> action. The action must be sustained without such a tender, and thereupon the mortgagor
> is entitled to judgment for redemption and costs.

1

much they owe on the mortgage. Prior to filing this action, the Knopes tried unsuccessfully to work out payment options with Green Tree.

The Knopes commenced this action May 30, 2014—less than one month after Green Tree filed an action on May 4, 2014 to foreclose on the Eliot property. Green Tree failed to answer the Knopes' complaint and a default entered. Before the court is Green Tree's motion to set aside the default, motion to dismiss for failure to state a claim, and the Knopes' motion for default judgment.

### B. Facts

The Knopes' primary residence is in Sandwich, Massachusetts and the Eliot property is their second home. An oil company failed to make a scheduled delivery to the Eliot property and as a result the pipes burst in January 2013. The incident caused substantial water damage. After the Knopes' insurer refused to pay their claim, they filed an action to recover for the damages from the incident. The Knopes eventually settled with the insurer for a sum less than their total loss. As a result of expenses associated with hiring legal counsel to sue the insurer and repair the Eliot property, the Knopes fell behind on the mortgage with Green Tree. The Knopes tried without success to defer the mortgage and work out practicable payment arrangements.

## II. Discussion

### A. Compulsory Counterclaim

Green Tree moves to dismiss alleging that the claims that form the basis of this suit are compulsory counterclaims in the foreclosure action. In ruling on a motion to dismiss, the court takes the allegations in the complaint as admitted and determines

2

whether the nonmoving party states a cognizable claim. *Savage v. Maine Pretrial Servs., Inc.*, 2013 ME 9, ¶ 2, 58 A.3d 1138.

Rule 13(a)(1) states in relevant part "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject mater of the opposing party's claim." M.R. Civ. P. 13(a)(1). Because the Knopes' claims in this action arise out of the transaction or occurrence as the foreclosure action—the note and mortgage on the Eliot property—Green Tree contends the Knopes are barred from litigating their claims here.

Green Tree's argument is premature. In *KeyBank National Association v. Sargent*, the Law Court affirmed dismissal of claims where they should have been raised in a previous foreclosure action in which judgment already entered. 2000 ME 153, ¶ 25, 758 A.2d 528. Judgment has not yet entered in the foreclosure action. Additionally, the language of the rule explicitly contemplates a pleading as the vehicle for asserting a compulsory counterclaim. M.R. Civ. P. 13(a)(1) ("[A] *pleading* shall state as a counterclaim . . . ."). The Knopes apparently have not yet been served with a pleading in which to assert the claims; the rule would therefore not apply. Yet even assuming the claims are compulsory counterclaims, Green Tree's motion to dismiss is moot if the court declines to set aside the default.

### B. Default Judgment

The court has the power under Rule 55(b)(2) to enter a default judgment. Prior to judgment, a party may move to set aside an entry of default "[f]or good cause shown."

3

M.R. Civ. P. 55(c). "Good cause" requires "a good excuse for his or her untimeliness." *Levine v. KeyBank Nat. Ass'n*, 2004 ME 131, ¶ 13, 861 A.2d 678 (citation omitted).

Green Tree cites "inadvertence" as an excuse. Green Tree acknowledges receipt, but asserts the complaint "was never identified or transferred properly to Green Tree's legal department for processing." (Def.'s Mot. Set Aside Default 4.) According to Green Tree, this "administrative error" was not willful or intentional and is therefore "good cause" sufficient to set aside the default. (Def.'s Mot. Set Aside Default 4-6.)

An administrative error is not a good excuse. In *Levine v. KeyBank National Association*, KeyBank misplaced a trustee summons, failed to timely respond, and a default entered. The court rejected KeyBank's argument that losing a summons on one occasion within a high-volume judgment processing system with a "generally miniscule error rate" constituted "good cause." *Levine*, 2004 ME 131, ¶¶ 16, 21-22, 861 A.2d 678.

Green Tree, like KeyBank, uses processing protocols whereby complaints are forwarded between different departments within the company. Also like KeyBank, Green Tree offers no reasonable explanation for why the complaint was never forwarded to the appropriate department to respond.[2] *Levine*, 2004 ME 131, ¶ 21, 861 A.2d 678. Once the error was discovered, Green Tree did respond expeditiously. By this time, however, the deadline had already passed.

Green Tree cites federal cases and cases from other jurisdictions to urge this court to consider whether the default was "willful or intentional" as part of the "good cause"

---

[2] There is a divergence between Green Tree's motion and the supporting affidavit as to where the complaint was lost in the process. The motion states there was an error in transferring the complaint "from the process group to the coordinator of legal defense at Green Tree." (Def.'s Mot. Set Aside Default 2.) The affidavit claims that the complaint was in fact transferred to the coordinator of legal defense, but was never forwarded to outside counsel in Maine. (Aff. David Schwartz ¶¶5-6.) The difference may not be material; it does further evidence confusion in this processing system.

4

inquiry. *See, e.g., Bergeron v. Henderson*, 185 F.R.D. 10, 12 (D. Me. 1999); *Gorski v. Dep't of Corr.*, 204 F.R.D. 23, 25 (D. N.H. 2000). These cases construed the federal version of Rule 55(c). Where the Maine rule is modeled on the federal rule, federal law can provide "valuable guidance." *Mondello v. Gen. Elec. Co.*, 650 A.2d 941, 944 n.3 (Me. 1994). In light of *Levine*, however, whether Green Tree willfully or intentionally failed to respond does not remedy the fact there was no reasonable excuse and thus no good cause for the default. Green Tree fails to meet its burden under Rule 55(c) and a default judgment is warranted. M.R. Civ. P. 55(b)(2).[3]

### III.    Judgment, Impracticability of Performance, and Conclusion

In light of the foregoing, the Knopes are entitled to judgment by default. Having resolved the water damage and insurance issues with the Eliot property, the Knopes wish to bring the mortgage current. From this record, however, the court is unable to enter a declaratory judgment as to the amounts owed under the note and mortgage. The court therefore will conduct a hearing to determine the nature and extent of the appropriate remedy before entering the judgment. M.R. Civ. P. 55(b)(2); *McNutt v. Johansen*, 477 A.2d 738, 740-41 (Me. 1984) (holding the court has discretion to hold an evidentiary hearing prior to entering a default judgment).

The factual allegations in the Knopes' complaint are now findings of fact and not subject to challenge at the hearing. *McAlister v. Slosberg*, 658 A.2d 658, 660 (Me. 1995). In entering judgment, the court is not bound by any legal conclusions contained in the pleading. *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 98 & n.2 (Me. 1984).

---

[3] Although Green Tree emphasizes the strength of the defense to the claims and the lack of prejudice to the Knopes, the court need not reach these issues because there was no good excuse for the underlying default. *Levine*, 2004 ME 131, ¶ 22, 861 A.2d 678 (declining to address whether KeyBank had a meritorious defense where it failed to first establish "good cause").

5

The complaint alleges "charges for late fees and other charges that are not properly attributable to the Note and Mortgage." (Compl. ¶ 12.) It is unclear exactly what charges these allegations concern and the court will require further clarification prior to entry of judgment. The complaint also alleges "there are other charges attributable to this Note and Mortgage that should not be allowed due to the damage to the Knopes' home and other circumstances that prevented [them] from performing . . . on the Note and Mortgage." (Compl. ¶ 13.) This allegation is fleshed out in Count III, where the Knopes assert they should be excused from certain fees under a theory of impracticability of performance—a legal conclusion that is not rendered binding by the default. Under this count, the Knopes seek a declaration that they did not breach their obligations under the note and mortgage. The Knopes request that they be excused from the fees assessed by Green Tree during the time they tried to rectify the water damage and insurance coverage issues. This claim is, as a matter of law, doubtful for three reasons.

First, the Knopes assert impracticability offensively. Impracticability of performance is a *defense* that entirely discharges a party's contractual obligations due to "the occurrence of an event the nonoccurrence of which was a basic assumption on which the contract was made . . . unless the language or the circumstances indicate the contrary." *Bouchard v. Blunt*, 579 A.2d 261, 264 n.3 (Me. 1990) (quoting *Restatement (Second) of Contracts* § 261 (1981)). In the few cases in which the defense was raised, the Law Court has yet to recognize it. *See, e.g., Coastal Ventures v. Alsham Plaza, LLC*, 2010 ME 63, ¶ 19 n.6, 1 A.3d 416; *Bouchard*, 579 A.2d at 264 n.3.

6

Second, the Knopes do not seek to discharge the entire mortgage obligation; they appear to assert only that the contract was impracticable for a finite period of time. While the Restatement recognizes temporary impracticability, once the circumstances giving rise to impracticability cease, the party must perform in full. *Restatement (Second) of Contracts* § 269. Thus even assuming the mortgage contract was temporarily impracticable, any defense to payments of fees is now unavailable because the Knopes resolved the insurance dispute and repaired the property.

Third, the note and mortgage terms expressly contemplate damage to the property, the need for insurance coverage, and the Knopes' responsibility for securing insurance coverage. The risk of loss from a denial of insurance coverage and the subsequent financial consequences rested with the Knopes, who contracted for their own insurance. *Restatement (Second) of Contracts* § 261 cmt. (b) ("[M]ere . . . financial inability do not usually effect discharge under the [impracticability of performance] rule stated in this Section.").

Under the terms of the note and mortgage, the Knopes may well be responsible for costs properly incurred by Green Tree in trying to protect its security interest. While the court understands the Knopes' frustration with their insurance company that precipitated their financial difficulties, Green Tree was not responsible for that dispute and not obligated to provide forbearance or deferment of the mortgage. Notwithstanding the above analysis, the Knopes' theory of impracticability of performance and Green Tree's response will be considered at the hearing prior to entry of judgment.

The entry shall be:

7

The Defendant's motion to dismiss is DENIED. The Plaintiff's motion for default judgment is at this time DENIED pending a hearing to determine the amounts currently due and owing under the note and mortgage.

SO ORDERED.

DATE: November 26, 2014

_____
John O'Neil, Jr.
Justice, Superior Court

CV-14-102

ATTORNEY FOR PLAINTIFFS:
PATRICK BEDARD
LAW OFFICE BEDARD & BOBROW
PO BOX 366
ELIOT ME  03903


ATTORNEYS FOR DEFENDANT:
CATHERINE A MOHAN
MCCARTER & ENGLISH
CITYPLACE I
185 ASYLUM ST
HARTFORD CT 06103

RICHARD BRIANSKY (PRO HAC VICE)
MCCARTER & ENGLISH LLP
265 FRANKLIN STREET
BOSTON MA  02110-3113